IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELTA COATINGS, LLC,            )
                                )
            Plaintiff,           )
                                )
      v.                        )     Case No. 1:17-cv-69
                                )
DONJON SHIPBULDING AND          )
REPAIR, LLC,                    )
                                )
            Defendant.           )

## MEMORANDUM ORDER

This civil action was commenced on January 13, 2017 in the United States District Court for the Eastern District of Louisiana, ECF No. 1, and was transferred to this judicial district on March 14, 2017. ECF No. 8. The litigation arises out of a contractual dispute concerning Delta Coatings, LLC's ("Delta's") agreement to coat certain portions of a vessel that Donjon Shipbuilding and Repair, LLC ("Donjon") was constructing for a third party. Delta eventually billed Donjon for an amount that was more than twice its original bid price, citing cost overruns. Donjon paid some, but not all, of the cost overruns. This resulted in Delta suing Donjon for amounts still unpaid, and Donjon countersuing Delta for recoupment of the amounts it paid above and beyond the original bid price.

The matter was originally referred to the undersigned, then a United States Magistrate Judge, for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges. After being appointed as a United States District Judge, the undersigned became the presiding judge assigned to this docket. ECF No. 42. Thereafter, on September 27, 2018, the case was referred to United States Magistrate Judge Richard A. Lanzillo for further pretrial proceedings. ECF No. 43.

1

In the meantime, Donjon filed its currently pending motion for summary judgment relative to Delta's breach of contract claim. ECF No. [41]. On January 8, 2019, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R"), ECF No. [61], in which he recommended that Donjon's motion for summary judgment be denied. Judge Lanzillo reasoned that the purchase order, specifications, and other documents relevant to the parties' contract are ambiguous concerning the intended scope of Delta's work, and therefore, a jury must resolve the ambiguities. Donjon filed objections to the R&R on January 22, 2019, ECF No. [66], and Delta filed its response on February 5, 2019. ECF No. [68].

In its objections, Donjon takes the position that Delta had prior knowledge of the obstacles that prevented it from completing the agreed upon work in accordance with its bid price. Donjon insists that, prior to the time that Delta tendered its final bid price, Delta was made aware of the fact that: (i) the vessel would need to be sandblasted (rather than simply pressure washed) in order to properly prepare the vessel's corroded surfaces for painting in accordance with the relevant specifications, and (ii) the vessel was largely constructed, meaning that Delta would not be coating the vessel in individual, separated modules. Donjon contends that, because Delta was aware of the circumstances and conditions that existed prior to confirming its bid, Delta should have accounted for them in finalizing its bid price. Thus, Donjon argues, Delta's actual knowledge of the vessel's conditions trumps any contradictory or ambiguous terms regarding surface preparation work that may have been set forth in the specifications.

After *de novo* review, this Court finds Donjon's objections to be unpersuasive. Donjon's position is predicated on several rulings issued by the Pennsylvania Commonwealth Court and the Pennsylvania Supreme Court in the context of public contracts. *See Acchione v.*

*Commonwealth,* 32 A.2d 764 (Pa. 1943); *Black Top Paving Co., Inc. v. Com. Dep't of Transp.,* 466 A.2d 774, 777 (Pa. Commw. Ct. 1983); *Argeros and Co., Inc. v. Com. Dep't of Transp.,* 447 A.2d 1065 Pa. Commw. Ct. 1982); *Com. Dep't of Transp. v. Brayman Const. Co.,* 382 A.2d 767, 769 (Pa. Commw. Ct. 1978). Each of these cases, however, involved agreements that expressly required the contractor to inspect the contemplated work site and to warrant, based upon its own independent inspection, that its bid price was sufficient compensation for the work to be performed. In this manner, the contracts in *Acchione et al.* unambiguously required the contractor to assume any risk of loss that might arise due to complications at the project site and forswear any reliance on drawings or specifications in establishing a bid price.

Here, by contrast, the contractual documents and evidentiary record do not clarify whether Delta had an obligation to independently inspect the vessel prior to finalizing its bid, nor is it clear whether a process existed whereby Delta was to notify Donjon about circumstances that might necessitate a change order or modification of the contract. Notably, the purchase order that Donjon issued on July 10, 2015 to Delta is silent concerning the specific type of surface preparation that Delta was to perform on each area of the vessel in question. It is also silent concerning what the parties contemplated relative to the vessel's surface conditions and state of assembly. The relevant specifications are similarly ambiguous concerning these matters. The fact that Donjon paid certain invoices reflecting cost overruns -- and denied others -- lends further ambiguity to the parties' contractual intent.

Foundationally, factual questions exist about whether – as Donjon contends – Delta understood that the vessel would require sandblasting (as opposed to other forms of surface preparation) in order to properly prepare the surfaces for coating. Donjon insists that, prior to the date on which Delta tendered its final bid, one of its employees, *i.e.,* James Thomas, had: (i)

3

personally observed the vessel as it was being built, (ii) noticed that the ship's modules were corroding, (iii) concluded that the surface would need to be sandblasted, and (iv) subsequently communicated this information to Delta's president and owner. Irrespective of Mr. Thomas's personal observations and conclusions, however, the portion of the record cited by Donjon suggests only that he conveyed to Delta's owner his impression that the "boat" was "looking bad." *See* Doc. 66 at 5 (quoting ECF No. 41-3, ¶9). Although the cited evidence might support an inference that Delta's owner had knowledge of the corrosion problem and the need for sandblasting prior to the company rendering its final bid, no such inference is compelled as a matter of law. Thus, the evidence gives rise to genuinely disputed issues of fact that cannot be resolved by the Court at the Rule 56 stage.

In sum, based upon the foregoing reasons, after *de novo* review of the Complaint and documents in the case, together with the R&R, Donjon's objections to the R&R, and Delta's response thereto, the following order is entered:

AND NOW, this 20th day of June 2019;

IT IS ORDERED that the motion for summary judgment, ECF No. [41] filed by Defendant Donjon Shipbuilding and Repair, LLC be, and hereby is, DENIED. The Report and Recommendation of United States Magistrate Judge Richard Lanzillo, dated January 8, 2019, ECF No. [61], is hereby adopted as the opinion of this Court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

cc: All counsel of record.

The Honorable Richard A. Lanzillo
United States Magistrate Judge